UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **VICTOR AINA**, | Case No. 6:15-cv-00746-KI |
| Plaintiff, | OPINION AND ORDER ON RECONSIDERATION |
| v. | |
| **CAROLYN W. COLVIN, Acting Commissioner of Social Security**, | |
| Defendant. | |

Alan Stuart Graf, P.C.
208 Pine St.
Floyd, VA 24091

    Attorney for Plaintiff

Billy J. Williams
United States Attorney
District of Oregon
Janice E. Hebert
Assistant United States Attorney
1000 SW Third Ave., Ste. 600
Portland, OR 97204-2902

Page 1 - OPINION AND ORDER ON RECONSIDERATION

Alexis L. Toma
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Ave., Ste. 2900 M/S 221A
Seattle, WA 98104-7075

  Attorneys for Defendant

KING, Judge:

Plaintiff Victor Aina brought an action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner denying his application for supplemental security income benefits ("SSI"). I affirmed the decision of the Commissioner. He now seeks reconsideration of that decision.

## LEGAL STANDARDS

A court may reconsider a decision under Federal Rule of Civil Procedure 59(e). However, a motion for reconsideration of a court's order must show newly discovered evidence, a change in controlling law, or that the decision was clearly erroneous or manifestly unjust. *Smith v. Clark Cnty. School Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

## DISCUSSION

Aina contends my decision affirming the ALJ's decision was clearly erroneous or manifestly unjust, arguing I supplemented the ALJ's opinion with my own reasoning in order to conclude the ALJ made no error in rejecting Dr. Taubenfeld's opinion.

Aina specifically takes issue with my assertion that "the number of [Aina's] angry outbursts fell from six a week to once a week or less over the course of his two years in therapy.

Further, the record reflects Aina's ability to cope improved as did his ability to ask for help in resolving situations." Op. and Order 15 (ECF No. 25).  I wrote this in the context of concluding substantial evidence supported the ALJ's finding that treatment notes did not reflect worsening of Aina's symptoms, putting into question Dr. Taubenfeld's opinion that Aina "may" have difficulty maintaining emotional stability.  *Id.*   Aina also argues I was incorrect to conclude that the ALJ rejected Dr. Taubenfeld's opinion because it was ambiguous as to Aina's actual limitations, when the doctor phrased his opinion as Aina "may" have problems with emotional stability, resolving conflicts, or interacting appropriately in a work setting.

My decision to affirm the ALJ was not a clearly erroneous decision, or manifestly unjust. Although the ALJ did not specifically identify the reduction in angry outbursts over the course of Aina's treatment, he did indicate in several places in his opinion that Aina "began a course of mental health therapy for anger management," that Aina began "feeling 'better' emotionally and mentally because he is getting better rest with the use of his C-PAP machine," that Aina regularly presented with an unremarkable appearance and cooperative manner, that Aina tested as cooperative and warm, and that while Aina "presented with some mental symptoms that are consistent with Dr. Taubenfeld's opinion regarding social limitations, such symptoms are generally not found in subsequent treatment and therapy reports." Tr. 18, 13, 17, 19.  The ALJ then gave a few examples in support of his finding.  I disagree that my citation to evidence demonstrating the ALJ's point–that symptoms corroborating Dr. Taubenfeld's opinion are generally not found in treatment and therapy reports–is *post hoc* rationalization.  I did not "invent a new ground of decision" but merely pointed out "additional support for the Commissioner's and the ALJ's position," evidence which was before the ALJ and which supported the ALJ's

PAGE 3 - OPINION AND ORDER ON RECONSIDERATION

stated grounds.  *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1005 n.3 (9th Cir. 2006); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("Even when an agency explains its decision with less than ideal clarity, we must uphold it if the agency's path may reasonably be discerned.").

I also read the ALJ's opinion as commenting on the ambiguous nature of Dr. Taubenfeld's opinions.  Specifically, the ALJ found as follows:

> Oddly, Dr. Taubenfeld also opined that the claimant would have difficulty coping with the emotional demands and stress of work, and that he 'may' periodically have difficulty maintaining emotional stability.  He further concluded that the claimant 'may be unable' to effectively resolve conflicts with coworkers, and 'may be unable' to understand/demonstrate interactions or behaviors appropriate to a work setting.  While the claimant may have presented with some mental symptoms that are consistent with Dr. Taubenfeld's opinion regarding social limitations, such symptoms are generally not found in subsequent treatment and therapy reports.

Tr. 19.  The ALJ's repeated quotation of Dr. Taubenfeld's use of the word "may" together with his characterization of Dr. Taubenfeld's conclusions as "odd," suggested to me that the ALJ found Dr. Taubenfeld's opinion non-imperative.  I concluded from the ALJ's summary that he felt the opinion was ambiguous about Aina's limitations, which was a rational conclusion to draw based on the ALJ's summary of Dr. Taubenfeld's opinion.  *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) ("As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion.  It is proper for us to read the paragraph discussing Dr. Pont's findings and opinion, and draw inferences relevant to Dr. Fox's findings and opinion, if those inferences are there to be drawn.").  Since the doctor's restrictions were non-imperative, the ALJ was not required to include them in the RFC.

Finally, as the Commissioner points out, I certainly made no finding that Aina would have weekly outbursts. Indeed, Aina had past relevant work despite any issues with anger. Accordingly, a reversal for a finding of disability is not warranted.

## CONCLUSION

For the foregoing reasons, I find no reason to reconsider my earlier opinion affirming the Commissioner. The Motion to Amend/Correct Opinion [27] is denied.

IT IS SO ORDERED.

DATED this   30th   day of November, 2016.

        /s/ Garr M. King
        Garr M. King
        United States District Judge